IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | **ORDER DENYING MOTIONS FOR** |
| | ) | **ACQUITTAL OR NEW TRIAL** |
| Plaintiff, | ) | |
| | ) | Crim. File No. 2:07-cr-64 |
| vs. | ) | |
| | ) | |
| Joseph C. DeMarce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court are Motions by Defendant, Joseph C. DeMarce, for a new trial (Doc.
#80) and for a judgment of acquittal (Doc. #83).  The United States filed a brief in opposition to
both motions (Doc. #90).

## FACTS

The facts as presented at trial do not appear to be disputed between the parties.  The
evidence showed that during the early morning hours of June 27, 2007, DeMarce was at his
brother's home.  DeMarce asked D.D., his ten-year-old niece, if she wanted to take a walk or a
"cruise," or visit her cousin.  DeMarce and D.D. drove to the pow wow grounds.  DeMarce told
D.D. he needed to urinate outside, exited the vehicle, and then re-entered the backseat of the
vehicle, where D.D. was sitting.  DeMarce sat next to D.D. and tried to kiss her.  She pushed him
away.  He pushed her down and, as D.D. stated, "started trying to rape" her.  He pulled her
trunks and underwear down to her knees.  D.D. pulled her shorts and underwear up, and
DeMarce hit D.D. in the face about ten times.  At that point, he pulled her trunks and underwear

down again.  D.D. did not recall DeMarce touching any of her "private areas."  D.D. testified

that she sat up, pulled up her shorts and underwear again and screamed.  DeMarce then appeared

to "snap out of it."  He got out of the vehicle and apologized to D.D.  He drove her home and

immediately turned himself in to the Lake Region Law Enforcement Center.  During a July 6,

2007 interview, DeMarce told investigators that he was "trying to rape [his] niece."

Trial commenced on December 3, 2007.  At the conclusion of the United States' case-in-

chief, DeMarce moved for judgment of acquittal.  He also requested a jury instruction that stated

the government was required to allege which "sexual act" DeMarce had attempted and that

would require the jury to unanimously find that specific act was attempted.  His motion and

request were denied.

On December 6, 2007, Joseph DeMarce was convicted of attempted aggravated sexual

abuse, in violation of 18 U.S.C. §§ 2241(a) and 1153 and attempted sexual abuse of a child, in

violation of 18 U.S.C. §§ 2241(c) and 1153.

## ANALYSIS

A district court has "very limited latitude" when ruling on a Rule 29, Fed.R.Crim.P.,

judgment of acquittal.  United States v. Bennett, 956 F.2d 1476, 1481 (8th Cir. 1992).  Such a

motion should only be granted if the evidence, viewed in the light most favorable to the

government, would necessarily leave a reasonably-minded jury with reasonable doubt.  Id.  A

Rule 29 motion is properly denied if "there is substantial evidence justifying an inference of guilt

irrespective of any countervailing testimony that may be introduced."  United States v. Gomez,

165 F.3d 650, 654 (8th Cir. 1999).

A new trial may be ordered under Rule 33, Fed.R.Crim.P., if the evidence heavily

outweighs the verdict and a serious miscarriage of justice would result if the verdict stood. United States v. Lacey, 219 F.3d 779, 783 (8th Cir. 2000). Such motions are to be granted cautiously and sparingly when "the interest of justice so requires." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004).

The elements of attempt are (1) intent to commit the predicate offense, and (2) conduct that is a substantial step toward its commission. United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir. 2007) (citing United States v. Blue Bird, 372 F.3d 989, 993 (8th Cir. 2004). DeMarce argues the Court erred in refusing to give an anatomically-specific jury instruction. He also argues there is insufficient evidence to sustain the verdict. Essentially, he is alleging that neither element of attempt was met – that the "predicate offense" was never alleged or instructed with specificity and that there is insufficient evidence to show DeMarce took a "substantial step" toward committing aggravated sexual abuse or sexual abuse of a child.

**The Predicate Offense**

At trial, the United States was required to show DeMarce had intent to commit the predicate offenses of aggravated sexual abuse and sexual abuse of a child. When evaluating the crime of attempt, the prosecutor must prove that each element of the predicate offense was attempted: "It is not enough to show that the defendant intended to do some unspecified criminal act." Wayne LaFave, Substantive Criminal Law § 11.3(a) (2d ed. 2003). The jury was instructed that "Attempted Sexual Abuse of a Child" has the following four elements:

One:   The defendant knowingly attempted to engage in a sexual act with D.D.;
Two:   D.D. was under the age of twelve years;
Three: The defendant is an Indian; and
Four:  The offense was committed in Indian country.

The jury was instructed that "Attempted Aggravated Sexual Abuse" has the following four

elements:

One:     The defendant knowingly attempted to cause D.D. to engage in a sexual act;

Two:     The defendant used force or threat of force to attempt to cause D.D. to engage in a sexual act;

Three:  The defendant is an Indian; and

Four:    The offense was committed in Indian country.

"Sexual Act" was separately defined for the jury as follows:

(A)     contact between the penis and vulva, or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B)     contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C)     the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify any person's sexual desire; or

(D)     the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

DeMarce argues that the jury verdict's unanimity is in question because the jury convicted without the instructions alleging a specific sexual act or without the jury specifying which sexual act they found DeMarce was trying to perform.  DeMarce argues the specific sexual act must be named as an essential element, as the Eighth Circuit has deemed the statute to be "anatomically specific."  United States v. Plenty Arrows, 946 F.2d 62, 65 (8th Cir. 1991). DeMarce clearly misinterprets Plenty Arrows.  In Plenty Arrows, the Court held that testimony that the defendant touched his penis to the victim's behind was not sufficiently anatomically specific to support a finding that the defendant committed, or attempted to commit, anal sodomy. Id. at 65.  The Court of Appeals did not hold that jury instructions must be anatomically specific; rather, the Court emphasized that only certain specific acts satisfy the definition of "sexual act."

Id.  In fact, the Plenty Arrows Court implies the opposite of DeMarce's contention, as the Court explored whether the jury could possibly have convicted based on a theory of contact between the penis and anus or, alternatively, between the penis and the mouth.  Id. at 65-66.

Despite Plenty Arrows' inapplicability, the Court is concerned with the notion that the jury may not have found the "sexual act" sub-element unanimously.  To alleviate such concerns, many circuits require a general unanimity instruction, which tells the jury that they must be unanimous on "whatever specifications they find to be the predicate of the guilty verdict." United States v. Phillips, 869 F.2d 1361, 1367 (10th Cir. 1988) (citing cases from the 10th, 2d, 7th, 9th, and 11th Circuits).  The Eighth Circuit requires no such instruction.  United States v. James, 172 F.3d 588 (8th Cir. 1999).  In James, the Court held that a general unanimity instruction  – one that simply instructs a jury that its verdict must be unanimous – generally suffices.  Id. at 592.   The Court explained:

> Where there is a genuine risk of jury confusion, a district court may need to give a more specific unanimity instruction, but 'the mere fact that an instruction could conceivably permit a jury to reach a non-unanimous verdict is not sufficient to require reversal when the jury has been instructed that it must reach a unanimous verdict.'

 Id. at 593 (quoting United States v. Davis, 154 F.3d 772, 783 (8th Cir. 1998)).  The Court of Appeals distinguished that there is a difference between "a statute creating several offenses and a statute merely enumerating several ways of committing the same offense," and held that if a statute "does not seek to create several crimes based on each listed alternative . . . the jury is not required to agree upon or articulate which alternative" is applicable.  Id.  In this case, the statutes were violated regardless of what type of "sexual act" each juror found DeMarce attempted.  A different sexual act does not give rise to a different crime.  In retrospect, the Court would have

5

given a more specific unanimity instruction; however, under <u>James</u>, such an instruction was not required.

     <u>James</u> clearly rejects the assertion in the proposed jury instruction that the United States was "required to identify the specific act" that was charged.  Moreover, the Court is convinced that the testimony here was "anatomically specific" enough to sustain the verdict, satisfying <u>Plenty Arrows</u>.  DeMarce's argument that a more detailed jury instruction was necessary is therefore rejected.

     DeMarce also argues there was insufficient evidence to show he was mentally able to form the requisite intent due to his consumption of alcohol on the date in question.  The jury was instructed that "[b]eing under the influence of alcohol provides a legal excuse for the commission of the crimes charged . . . only if the effect of alcohol makes it impossible for the defendant to have knowingly attempted [the crimes charged]."  The court acknowledges there was conflicting testimony about DeMarce's consumption of alcohol and level of impairment. Additionally, each side presented expert testimony about the effect of alcohol consumption and the phenomenon known as "blackout."  These conflicts were appropriately resolved by weighing the evidence and making credibility determinations – functions of the jury.  Viewing all the evidence in the light most favorable to the government for purposes of the Rule 29 motion, the Court cannot conclude a reasonably-minded jury would necessarily have reasonable doubt about DeMarce's ability to form the requisite intent.  Looking at the evidence for purposes of the Rule 33 motion, the evidence of intoxication simply does not "heavily outweigh" the verdict.

**"Substantial step"**

     DeMarce argues that there is insufficient evidence to show that he took a "substantial

step" toward committing aggravated sexual abuse or sexual abuse of a child.  A substantial step is something "beyond 'mere preparation' but may be less than the 'last act necessary' before commission of the substantive crime."  Plenty Arrows, 946 F.2d at 66 (quoting United States v. Mims, 812 F.2d 1068, 1077 (8th Cir. 1982)).  It must be "of such an 'unequivocal nature' that it is 'calculated to bring the desired result to fruition.'"  Id. at 66 (quoting Fryer v. Nix, 775 F.2d 979, 993 (8th Cir. 1985).

The Eighth Circuit has been quite rigid in its determination of what constitutes a "substantial step" in attempted sexual assault cases.  In Plenty Arrows, the defendant was charged with attempted aggravated sexual abuse.   Testimony was admitted that the defendant placed his penis against the back of the victim's behind.  The Eighth Circuit held there was "no indication" from such testimony that this act was a substantial step toward the completion of the crime of anal sodomy.  946 F.2d at 66.  Similarly, in United States v. Blue Bird, 372 F.3d 989, 993 (8th Cir. 2004), the Eighth Circuit held a "substantial step" toward engaging in a sexual act or sexual contact did not occur when the defendant held the hand of the victim, rubbed her stomach, pushed her t-shirt up to just below her breasts, kissed her, and said, "Let's do it." Id.

Here, much of DeMarce's conduct amounts to mere preparation, including getting D.D. out of the house and driving her to the pow wow grounds.  The Court acknowledges that, using the rigid standard set forth in Plenty Arrows and Blue Bird, DeMarce's actions of trying to kiss D.D. and twice pulling her underwear and trunks down are quite short of the completed act of penetration of the vulva with the penis, contact between the mouth or penis, or penetration of the genital opening.  However, the fourth option in the "sexual act" definition, "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the

7

age of 16 years with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person," was not discussed in Plenty Arrows or Blue Bird.  Viewing the evidence of this case, it is clear that DeMarce's conduct was a "substantial step" toward that fourth sexual act.  DeMarce pushed D.D. down onto the seat so that she was lying on her back.  He pulled her trunks and underwear down, apparently exposing her bare genitalia.  This may or may not be a "substantial step" towards intercourse, anal sodomy, or oral sex, but it is certainly a "substantial step" toward the intentional touching of D.D.'s bare genitalia to abuse D.D. or gratify DeMarce. In fact, the Court opines that this act of violence and removal of D.D.'s clothing was likely the very last step before the completed act.  If DeMarce had taken one more step and touched D.D.'s vulva, this would not be a "substantial step" – it would be the sexual act itself.  Any doubt is resolved by DeMarce's own words, that he was "trying to rape [his] niece."  The Court cannot fathom that any of the jurors or any other reasonably-minded person would not interpret DeMarce's actions in the vehicle, ratified by his later statement of his intentions, as a "substantial step" toward the touching of D.D.'s genitalia, not through her clothes, with an intent to abuse, humiliate, harass, degrade, or arouse the sexual desire of any person.

DeMarce's argument that the United States presented insufficient evidence to support that he took a "substantial step" toward the completion of sexual abuse of a child or aggravated sexual abuse is therefore rejected.

## DECISION

The evidence here substantially justifies an inference of guilt.  DeMarce's motion for a judgment of acquittal under Fed.R.Crim.P. 29 is therefore **DENIED.**  Furthermore, because the evidence favors the verdict and there is no indication that the interests of justice require a new

trial, DeMarce's motion for a new trial is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 17th day of April, 2008.

/s/     *Ralph R. Erickson*

Ralph R. Erickson, District Judge
United States District Court

9